Nott, J.,
delivered the opinion of the court:
Although the purpose of the claimant’s journey was to resign and leave the service, yet, nevertheless, it was the duty, as it-was the intention, of the Secretary of the Navy to restore the officer to his residence before the' resignation should take effect. Such has been the policy of the government with regard to soldiers and sailors. The journey, therefore, was a matter of public obligation, and to that extent on public business, and for such journeys mileage was allowed to naval officers.
The claim, however, was rejected at the Treasury upon the grounds, first, that the claimant' had not returned by the shortest route, and, second, that his resignation had been accepted to take effect upon his arrival in this country, and hence that it took effect when he reached San Francisco.
As to the first objection it is answered by the Secretary’s ratification of the course which the claimant pursued. The claimant satisfied the Secretary that the route chosen by him was proper amid the circumstances, and ratification was as effective as antecedent authority.
As to the second objection it is, we think, Manifest that the Secretary’s order prescribed this in form rather than in effect. It indeed said that the resignation would take effect when the claimant should arrive in the United States, but it forthwith proceeded to direct him to arrive in the United States at the port of New York. If the claimant’s vessel had been driven ashore on the coast of Alaska it could not well be said that that was an arrival within the United States within the true *514 intent of the Secretary’s order. And the claimant’s arrival at another point on the Pacific coast was hardly less involuntary. The subsequent order of the Secretary changed the terms of the first, but left its manifest intent the same, and gave to it the effect originally intended.
The judgment of the court is that the claimant recover of the defendants the sum of $352.76.