Atkinson, J.,
delivered the opinion of the court.
In May, 1904, plaintiff ivas appointed to the office of paymaster’s clerk and was assigned to duty at the United States Naval Station at Cavite, P. I., and continued to serve as such pay clerk under said appointment until October 15,1904, when he was relieved from duty by an order of the Navy Department to take effect 30 days thereafter, viz, November 15,1904. The allowance of the 30 days was intended by the department to cover the time required by plaintiff to travel from Cavite, P. I., to San Francisco, Cal. The order releasing plaintiff from duty gave as a reason for said 30 days’ allowance that “ the travel involved is required by the public interests.” The Treasury Department refused to pay this extra month’s salary, assigning as a reason therefor that the law (sec. 1380, P. S.) authorized the employment of but one paymaster’s clerk at the Cavite Naval Station: and inasmuch as plaintiff’s successor had entered upon the duties which plaintiff had laid down October 15, who necessarily would have to be paid therefor, consequently no allowance could be made for or paid to plaintiff for the one month’s time conceded to him by the naval commander at Cavite as necessary for his return to the United States, from whence he had traveled to become a paymaster’s clerk in the Philippine Islands, although he had been allowed and paid salary and expenses in traveling to Cavite.
Plaintiff was paid both salary and expenses traveling from the United States to Cavite, and it is therefore only reasonable for him to expect, when he entered the public service, that he would be paid for the time and necessary traveling expenses incurred in returning to the United States. In view of the fact that the practice of the Navy Department had been to order a paymaster’s ’ clerk, upon the completion of his duty abroad, to proceed to his home in the United States, his appointment should not be con *198 sidered as revoked until his arrival in the United States, and this custom was complied with by the Navy Department-in this case.
While it is true that the Treasury Department officials have held in a number of cases that when a pajunaster’s clerk has been succeeded by another like officer at a given station, the pay of the former ceases when the latter enters upon his duties as such successor; yet none of the decisions cited by the defendants are controlled by the state of facts which exist in the case under consideration. Plaintiff had not resigned from the service, nor was he relieved because of physical disability. He was detached from official duty at Cavite when his successor arrived, and he was ordered by his superior officers in the regular establishment of the Navy to proceed to San Francisco, and upon his arrival there his official services were to cease. Being on traveling orders while on the way from Cavite to San Francisco, he should be paid for the time required to execute the same.
Similar questions have come before the court, and in the case of Sherburne v. United States (16 C. Cls., 491) it was said:
“When an ordinary employee binds himself by contract for work and service, he is free to designate the place of his discharge, and if, without its being designated, his employer should discharge him at a distant or unreasonable place, the law would award him such damages as would make him whole. In the case of persons entering the military service, they can prescribe no such condition and are liable to be sent by their employer to the most remote places of the earth, and are likewise liable to be discharged at any place, or at any moment. In a country with so vast a territory as ours this would often work great wrong to the individual and would result in great inequality of justice throughout the Army generally. One soldier enlisted and domiciled in Washington might be discharged in Washington ; another enlisted and domiciled in Florida might be discharged in Alaska. It has never been the policy of the Government to deal, out anything but even-handed justice to its soldiers, and if there be any one rule of policy which has been more invariably adhered to than another, it has been the rule of returning an officer or soldier to his home, either positively by his actual discharge there, or constructively by commutation for traveling expenses and time, or by pay with transportation and rations in kind.”
*199 Also in Allderdice v. United States (19 C. Cls., 511), whore an officer resigned abroad and his resignation was accepted to take effect on his arrival in the United States, it was held, in the opinion (p. 513) :
‘‘Although the purpose of the claimant’s journey was to resign and leave the service, yet, nevertheless, it was the duty, as it was the intention, of the Secretary of the Navy to restore the officer to his residence before the resignation should take effect. Such has been the policy of the Government with regard to soldiers and sailors.”
As we have above stated, payment of this claim was refused by the Treasury Department because section 1386 of the Revised Statutes only allows the employment of one pay clerk at the naval station of Cavite. This we concede; but our conclusion is that under the facts involved in this controversy, but one pay clerk was on duty at the Cavite Naval Station while plaintiff was traveling, under orders, “ required by the public interests,” to San Francisco, Cal.
Whilst, as we have hitherto stated, it is not denied that section 1386 of the Revised Statutes permits the employment of but one paymaster’s clerk at the Cavite pay station, it does not provide, as claimed by defendants’ counsel, that a former paymaster’s clerk who had been assigned to duty at that station, and had by competent authority been relieved from such assignment and had been succeeded by another like officer, should not also have his salary paid so long as he remains in the naval service and is on duty elsewhere executing the orders of his superiors in office. Under that statute plaintiff was paid salary, traveling expenses, and subsistence going to Cavite to enter upon his official duties; and in returning to the United States, traveling under orders, his necessary traveling expenses were paid, but his salary was withheld. If salary and traveling expenses could be allowed under the statute in controversy on the outward trip it is difficult to understand why the same allowances can not be made on the homeward trip also. The record does not show that a paymaster’s clerk was on duty when plaintiff was assigned to that station and was paid his salary going there; nor is that fact necessary to be shown to enable the court to arrive at the conclusion that plaintiff’s claim is a just one *200 and is supported by his superior officers of the Navy Department.
We accordingly decide that judgment be entered in favor of the plaintiff for one month’s pay from October 15 to November 15, 1904, amounting to $108.33.