Jones, Chief Judge,
delivered the opinion of the court:
The single issue in this case is whether the plaintiff is entitled to one year’s pay following his resignation as a *485 commissioned, officer from tbe United States Coast Guard.
Plaintiff alleges and defendant denies that the facts of this case fall within the terms of the Act of August 4,1949,[1] and regulations issued pursuant thereto. The pertinent parts of the statute and regulations are as follows:
Any commissioned officer who, in accordance with applicable regulations, is placed out of line of promotion may, with the approval of the Secretary, if his commissioned service is less than ten years, resign from the Coast Guard with one year’s pay computed at the rate of pay he was receiving on the date of his resignation. [63 Stat. 517]
An ensign recommended as not qualified for promotion by the third board shall be permanently out of the line of promotion. [Article 5-A-5 (e), Personnel Regulations, United States Coast Guard.]
This ’regulation was approved May 2, 1955.
The pleadings disclose the following facts: The plaintiff was graduated from the United States Coast Guard Academy on June 5, 1953, and was immediately commissioned an ensign in the United States Coast Guard. He served thereafter on active duty as an ensign until June 5,1956, on which date his service ended pursuant to a letter of resignation dated December 30,1955.
In the meantime he was informed by letter dated November 24,1954, that he had been found not qualified for promotion to the grade of lieutenant, junior grade (temporary), by an examining board, which recommendation had been approved by the Commandant of the United States Coast Guard.
Plaintiff was considered for promotion by four more examining boards and on each occasion the examining board recommended that he be not promoted to the grade of lieutenant, junior grade (temporary), and each time the recommendation was approved by the Commandant. The respective dates of said disapprovals were April 7, 1955, September 21, 1955, November 4, 1955, and March 23, 1956. In approving the last recommendation of the examining board, the Commandant on March 23, 1956, placed plaintiff *486 permanently out of the line of promotion. In each, instance plaintiff was notified by letter of the action taken.
In respect to plaintiff’s letter of resignation dated December 80, 1955, requesting that he be released from duty on June 5,1956, the Secretary of the Treasury on March 20, 1956, accepted the resignation subject to his being transferred to the United States Coast Guard Reserve. Plaintiff was notified by letter dated March 30, 1956, that his resignation had been accepted and that he would be released from active duty and transferred to the United States Coast Guard Reserve on June 5,1956.
The plaintiff asserts that since he was a commissioned officer in the Coast Guard with less than ten years’ active service and had been denied promotion by five boards, three of which had taken action after the issuance of the regulation heretofore quoted, he comes squarely within the provisions of the statute and the regulations issued pursuant thereto, and that under the mandatory provisions he is entitled to receive one year’s pay at the rate of the pay he was receiving at the time he was placed out of the line of promotion.
The defendant counters with the statement that plaintiff’s resignation was accepted on March 20, 1956, prior to any final determination that he was permanently out of the line of promotion; that the action of the third examining board was approved by the Commandant on March 23,1956, and that the plaintiff was thus placed out of the line of promotion three days after his resignation had been accepted on March 20,1956.
The plaintiff answers with the statement that he was not notified of the acceptance of his resignation until March 30, 1956, and that in addition thereto he was still in the active service until June 5,1956; and further, that the acceptance of the resignation on March 20,1956, was not unconditional but was on the specific condition that he be transferred to the Coast Guard Reserve.
We see no escape from the conclusion that plaintiff was placed permanently out of the line of promotion by the action of the last board which action was approved on *487 March 23,1956, while plaintiff was still in the active service. Had the action of the last board not been taken a different issne might be presented. Even if the action of the first two boards is wholly disregarded on the ground that such action was taken before the issuance of the regulation, the fact is undisputed that three boards took action following the date of the issuance of the regulation.
It is a rather thin line of defense to claim that the action of the third board could not be counted because it was taken three days after the plaintiff’s resignation had been accepted on March 20, 1956. To give effect to this position the facts that plaintiff was not notified of the action of the board until March 30, 1956, and was not released from duty until June 5,1956, must be wholly ignored. There are simply too many hurdles for anyone to negotiate without stumbling. In the case of Mimmack v. United States, 97 U. S. 426, the Supreme Court in holding that nothing short of a written resignation by an officer of the Army, Navy or Marine Corps and the acceptance and due notification to the incumbent can be effective, and that until that time the rights, privileges, duties and obligations of the officer remain just as if the resignation had never been tendered, used the following language at page 432:
Prior to notice that the resignation tendered has been accepted by the President, the officer in such a case may not without leave quit his post or proper duties, nor is he deprived of any of the rights or privileges conferred and enjoyed by virtue of his appointment and commission.
It has been repeatedly held that an officer remains in the military service until his valid resignation is unconditionally accepted and he is notified of its acceptance. Bennett v. United States, 19 C. Cls. 379; Allderdice v. United States, 19 C. Cls. 511.
In order to sustain the position taken by the defendant it would be necessary for us to overlook the fact that the plaintiff was not notified of the acceptance of his resignation until March 30,1956, which was after he had been placed out of the line of promotion. It would be necessary for us to *488 disregard the fact that the Secretary in acting on plaintiff’s resignation on March 20, 1956, did not unconditionally accept the resignation, but accepted it upon the condition that plaintiff would transfer to the United States Coast Guard Reserve. It would be necessary to ignore completely the fact that in any event the resignation did not become effective until June 5, 1956, until which time the plaintiff was on active duty.
We are called upon to interpret and apply the statutes and regulations to the facts in this case. Ballentine defines “interpretation” as “The art of finding the true sense of any form of words.”[2]
If the position of the defendant were correct, the action of the last board in placing plaintiff permanently out of the line of promotion would have been completely pointless and without purpose.
When all of the facts as disclosed and admitted by the pleadings and attached exhibits are considered together, there is no reasonable escape from the conclusion that plaintiff’s case fits into the framework of the statute and the regulations issued pursuant thereto.
The defendant’s cross-motion is overruled and plaintiff’s motion for summary judgment is granted. The plaintiff is entitled to recover the salary for one year at the rate of pay he was receiving on the date of his resignation, and judgment will be entered to that effect. The amount of recovery will be determined pursuant to Rule 38 (c) of this court.
It is so ordered.
Reed, Justice (Bet.), sitting by designation; Laramore, Judge, MaddeN, Judge, and Whitaker, Judge, concur.
In accordance with the opinion of the court and on a memorandum report of the commissioner as to the amount due thereunder, it was ordered on May 1, 1959, that judgment for the plaintiff be entered for $3,556.80.

 63 Stat. 495, 517; 14 U. S. C. § 244.

Ballentine’s Law Dictionary (2d Ed.), p. 675.